STATE EX REL. MOORE, SHERIFF, ET AL. *v.* CARROLL

CIRCUIT COURT ET AL.

[No. 28,099. Filed May 9, 1945. Rehearing Denied July 19, 1945.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, *Winslow Van Horne,* and *Karl J. Stipher,* Deputy Attorneys General, for Relators.

*Lutz, Johnson & Lutz,* of Indianapolis, for Respondents.

Starr, J.—This is an original action brought by the State of Indiana, on the relation of Robert Moore, as Sheriff of Carroll County, Indiana, and others, against Carroll Circuit Court, Carroll County, Indiana, and William S. Smith, as Judge of said court, to obtain a writ of prohibition. The petition asks that the respondents be restrained from in any manner exercising jurisdiction and from doing any judicial acts in cause number 9707 pending in the Carroll Circuit Court and from enforcing the restraining order entered in said cause. A temporary writ of prohibition was issued by this court and said respondents were ordered to show cause why such writ should not be made permanent.

The verified complaint in said cause of action, wherein Robert L. Dunkin, doing business under the title name and style of Carroll County Beverage Company, is plaintiff, and the relators herein are defendants, alleges that plaintiff was granted a permit on the 15th day of November, 1944, to conduct a business as a beer wholesaler of alcoholic malt beverages for a period of one

year from November 15, 1944; that he was and is qualified to conduct said business under said permit, for which he paid a license fee of $1,000; that he has been engaged in the business of wholesaling alcoholic beverages in Carroll County for six years and at all times operated said business under a license or permit granted by the State; that in order to carry on said business, it was necessary for him to make a large financial investment in the property used in said business and in the stock on hand. He further alleges that, by § 11½, ch. 357, of the Acts of the General Assembly of the State of Indiana for the year 1945, "arbitrarily, without cause, and without notice or hearing, this plaintiff's permit was canceled, declared null and void and of no force and effect on and after May 1, 1945." That he has been threatened by the defendants and each of them with arrest and prosecution under the provisions of said act, which he says is unconstitutional and void; that he has no adequate remedy at law, and he prays that said defendants be enjoined and restrained from interfering with him in the operation of his business as a beer wholesaler operating under his said permit, and that said act be declared unconstitutional.

On April 30, 1945, a temporary restraining order was issued by the respondents restraining the defendants from in any way interfering with the plaintiff in the operation of his business as a beer wholesaler, or from in any way denying or interfering with his right under his beer wholesaler's permit granted to him by the Alcoholic Beverage Commission on the 15th of November, 1944.

Relators in seeking this writ contend that the Carroll Circuit Court has no jurisdiction in this case, the reasons they advance being the same as those set forth in *State ex rel.* v. *Montgomery Circuit Court, ante,* p. 476, in which case the identical questions presented in this case were presented, considered, and determined by this court. On the authority of that decision, the temporary writ of prohibition heretofore issued is made permanent.

Richman, C. J., and Gilkison, J., dissenting on grounds stated in dissenting opinions in No. 28097 this day decided.

NOTE.—Reported in 62 N. E. (2d) 155.